FRANKLIN L. GUEST, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Guest v. Commissioner
Docket No. 211-77.
United States Tax Court
T.C. Memo 1979-44; 1979 Tax Ct. Memo LEXIS 480; 38 T.C.M. (CCH) 178; T.C.M. (RIA) 79044; January 31, 1979, Filed Franklin L. Guest, pro se. Thomas G. Norman, for the respondent. SCOTT MEMORANDUM FINDINGS OF FACT AND OPINION *481 SCOTT, Judge: Respondent determined a deficiency in petitioner's income tax for the calendar year 1974 in the amount of $ 26.40. The only issue for decision is whether petitioner is entitled to a dependency exemption deduction for his child, Christy Lynn, for the calendar year 1974. FINDINGS OF FACT Some of the facts have been stipulated and are found accordingly. Petitioner, whose legal residence was Houston, Texas at the time of the filing of his petition in this case, filed an individual Federal income tax return for the calendar year 1974. Prior to and during a few months of 1974 petitioner was married to Linda Guest. Petitioner and Linda Guest were divorced on March 22, 1974. Petitioner and Linda Guest resided in Texas during the time in 1974 prior to their divorce. Petitioner and Linda Guest had one child born of their marriage, Christy Lynn. In 1974 Christy Lynn was 4 years old. The divorce decree gave custody of Christy Lynn to Linda Guest and directed petitioner to pay child support beginning March 1, 1974. For the year 1974, Christy Lynn's entire support was paid by petitioner and Linda Guest. During 1974 petitioner paid by check to Linda Guest *482 a total amount of $ 1,235. One of these checks dated April 17, 1974, in the amount of $ 150 was marked "Child Support - 2-15-74 thru 3-30-74." The payment by this $ 150 check was partially in payment of support for Christy Lynn prior to March 22, 1974, when petitioner and Linda Guest were divorced. During the 9-month period from April through December 1974, Christy Lynn lived with her mother, Linda Guest, in a 2-bedroom apartment that had a balcony. One bedroom in the apartment was used as Christy Lynn's bedroom. A balcony to the apartment was used primarily as a play space for Christy Lynn and her toys were kept there. Christy Lynn had free use of the living room and other rooms in the apartment. During 1974 Mrs. Guest took Christy Lynn to visit her grandmother and great grandmother on several occasions. She drove Christy Lynn to the Pickwickin School where Christy Lynn stayed during the day while her mother worked. By driving Christy Lynn to this school, Mrs. Guest went a little over a mile each way further than would have been the distance to and from her own work. Mrs. Guest also drove Christy Lynn to and from visits to the doctor during the last 9 months of 1974. The *483 distance Mrs. Guest drove in taking Christy Lynn to the doctor was approximately 300 miles. On several occasions, Mrs. Guest had pictures taken of Christy Lynn. At times Mrs. Guest paid baby-sitters for Christy Lynn while she went out in the evening, and on some occasions paid an extra fee to the Pickwickin School because of being a little late to pick up Christy Lynn. Besides payments made by Mrs. Guest for the items listed above, in the last 9 months of 1974, she paid the following amounts towards Christy Lynn's support: Lodging $ 827.00
Pickwickin School (Day Care)
902.00
Food
487.50
Medical Expenses
163.35
Hospital Insurance
49.00
Clothes
118.69
Gifts
89.70
Total
$ 2,637.24
Petitioner on his 1974 Federal income tax return claim an exemption for Christy Lynn. Respondent in his notice of deficiency denied this claimed exemption to petitioner with the explanation that: * * * it is determined that the dependency exemption claimed for your daughter is not allowable since you have not established that you provided more for her support than did the custodial parent. ULTIMATE FACT Linda Guest provided more than one-half of the support for *484 Christy Lynn in the year 1974. OPINION Section 151(e), I.R.C. 1954, [1] provides for the allowance of a dependency exemption to a taxpayer for each dependent (as defined in section 152) who is a child of the taxpayer who has not attained the age of 19 at the close of the calendar year. Section 152(e)(1) provides a special support test in the case of the child of divorced parents. This section provides that if a child of divorced parents is in the custody of one or both of his parents for over half of the calendar year and receives over half of his support during that calendar year from his parents, the parent having custody for a greater portion of the calendar year is entitled to the dependency exemption for the child unless that child is treated, under the provisions of section 152(e)(2), as having received over half of his support for such year from the other parent. The child of parents described in section 152(e)(1) shall be treated as receiving over half of his support during the calendar year from the parent not having custody if-- * * * the parent not having *485 custody provides $ 1,200 or more for the support of such child * * * for the calendar year, and * * * the parent having custody of such child does not clearly establish that he provided more for the support of such child during the calendar year than the parent not having custody. We conclude on the basis of this record that in 1974 petitioner paid more than $ 1,200 for support of Christy Lynn even though respondent argues that this is not clear from the record. Therefore, under section 152(e)(2), petitioner is entitled to claim a dependency exemption for Christy Lynn unless the custodial parent, Mrs. Guest, clearly establishes that she provided more for the support of Christy Lynn during 1974 than did petitioner. Since the income of petitioner and Linda Guest was community property under Texas law during the months in 1974 prior to their divorce, the support of Christy Lynn for this period was paid one-half by each. Respondent argues that for this reason the $ 150 paid by petitioner to Linda Guest for Christy Lynn's support during the period February 15 through Mrch 30, 1974, should be allocated one-half to each of them.This is the basis of respondent's contention that petitioner *486 has not shown that he contributed over $ 1,200 to Christy Lynn's support in 1974. Certainly the greater portion of the $ 150 payment would have been for support of Christy Lynn prior to the divorce of petitioner and Linda Guest. However, half of this plus half of any other support of Christy Lynn for the months prior to the divorce would be support contributed by petitioner. In our view the record shows that this amount would total at least $ 1,200. Under our findings, even if the entire $ 150 was for support of Christy Lynn after the divorce, Mrs. Guest paid more than one-half of Christy Lynn's support in 1974. Therefore, we need not attempt to allocate the $ 150 payment between support for Christy Lynn prior to the divorce and after the divorce. The evidence here is clear, as set forth in our findings, that lodging, day care, food, medical expenses, hospital insurance, clothes and gifts for Christy Lynn during the last 9 months of 1974 totaled $ 2,637.24. The total support paid by petitioner for Christy Lynn after his divorce from her mother on March 22, 1974, was $ 1,235. Therefore, the record is clear that Mrs. Guest paid more than one-half of Christy Lynn's support for *487 the year 1974. The record is also clear that in addition to the listed items shown to have been paid by Mrs. Guest for Christy Lynn's support in the last 9 months of 1974, there were other items paid by Mrs. Guest, the total amount of which is not as clear in the record as the items we have specifically found. Petitioner does not question the total amounts paid with respect to any of the items we have listed, but rather questions the allocation of the amounts to Christy Lynn with respect to lodging and food. The $ 827 of lodging we have found to be support for Christy Lynn in the last 9 months of 1974 is one-half of the rent paid by Mrs. Guest for the apartment in which she and Christy Lynn resided. Petitioner questions this allocation, arguing that one-half of the apartment rent should not be allocated to Christy Lynn. The allocation of rent among individuals who occupy one household is a question of fact to be determined from the facts in each case. Generally, where one household is occupied by several persons, we have allocated the rent or the fair rental value of the premises on a pro rata basis. See Pierce v. Commissioner,66 T.C. 840, 849-850 (1976). *488 However, as petitioner points out, this has not always been the basis of allocation. McKay v. Commissioner,34 T.C. 1080 (1960). [2] Nevertheless, under the facts in this case, we consider it clear that one-half of the apartment rental was properly allocable to Christy Lynn. Christy Lynn had one bedroom of the two-bedroom apartment. She was the primary user of the balcony and had equal use of the living room and other rooms in the house with her mother. Here the evidence, in fact, would support an allocation greater than 50 percent to Christy Lynn, but, since respondent does not contend for any such greater allocation, we have used 50 percent. The other item attacked by petitioner is the cost of Christy Lynn's food for the last 9 months of 1974. The cost of food for Christy Lynn is based on one-half of the cost of groceries paid by Mrs. Guest for herself and Christy Lynn exclusive of any personal type items for either for the last 9 months of 1974. Petitioner argues that half *489 of the grocery bill should not properly be allocated for a 4-year-old child. However, on the basis of this record and particularly considering that the total cost of food for Christy Lynn under the food cost we have allocated to her was only $ 12.50 per week, we consider the allocation to Christy Lynn to be clearly justified. Considering the type of diet necessary for a 4-year-old and the small amount claimed for Christy Lynn's food expense, we conclude that the evidence is clear that food for Christy Lynn for the last 9 months of 1974 was at least $ 487.50. The amount is a little less than $ 2.00 a day for food for Christy Lynn.Mrs. Guest testified to this allocation as being her best judgment of the cost of Christy Lynn's food and her testimony is credible. Also, the record is clear that in addition to the items we have found constituted Christy Lynn's support during the last 9 months of 1974, Mrs. Guest expended other amounts for Christy Lynn's support. From the evidence we could make a reasonable estimate of these other amounts expended by Mrs. Guest. However, we consider the evidence clear that Mrs. Guest paid more than one-half of Christy Lynn's support in 1974 without *490 consideration of these additional items of support. Decision will be entered for the respondent.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated.↩
2. See also Cameron v. Commissioner,T.C. Memo. 1974-166↩, in which an allocation of 60 percent to the custodial parent and 40 percent to the three children was made.